UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **AIRE SERV LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Cause No. 6:18-cv-00023 |
| | § | |
| **CHRISTOPHER AARON HAYWOOD** | § | |
| **AND ANNALIZA HAYWOOD** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S INITIAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Aire Serv LLC ("ASV" or "Franchisor") brings this action for temporary, preliminary and permanent injunctive relief, and damages, against its former franchisees Christopher Aaron Haywood and Annaliza Haywood ("Defendants") based on these violations of state and federal law.

### INTRODUCTION

1. ASV is an air conditioning and heating ("HVAC") franchisor. There are hundreds of AIRE SERV® franchises in the United States which devote millions to promote the name "Aire Serv." More than $9.3 million has been spent on ASV advertising since 2008.

2. Defendants' franchise was terminated on November 23, 2016. It was terminated because Defendants refused to pay royalties, advertising fees, or note payments. At termination, Defendants agreed to no longer engage in the HVAC business for two years. Despite this, ASV has discovered that Defendants continue to operate an HVAC business in violation of the parties' contract.

### PARTIES

3. Plaintiff ASV is a limited liability company organized under Texas law which maintains its principal place of business in Waco, Texas.

**Plaintiff's Initial Complaint** Page **1** of **11**

4. Defendant Christopher Aaron Haywood is an individual operating Absolutely Fabulous HVAC at 5224 Olympic Drive NW, Suite 211, Gig Harbor, WA 98335 and residing at 5659 76th Street NW, Gig Harbor, WA 98335

5. Defendant Annaliza Haywood is an individual operating Absolutely Fabulous HVAC at 5224 Olympic Drive NW, Suite 211, Gig Harbor, WA 98335 and residing at 5659 76th Street NW, Gig Harbor, WA 98335.

## JURISDICTION AND VENUE

6. This action arises under, *inter alia*, the federal Lanham Act, 15 U.S.C. 1051 *et seq*. Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Alternatively, jurisdiction is founded on diversity of citizenship and amount. Plaintiff is a limited liability company formed under Texas law with its principal place of business in Texas. Defendants are citizens of the State of Washington. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused ASV harm in this district. ASV and the Defendants entered into agreements in this district wherein they agree to venue in this district. Defendants agreed to this forum as the exclusive venue to resolve disputes in Section 13.3 of the Franchise Agreement, attached as Exhibit A. Defendant Annaliza Haywood signed a Confidentiality Agreement wherein she agreed to this forum as the exclusive venue to resolve disputes. Exhibit 7 of Franchise Agreement. Defendants are subject to personal jurisdiction in the District and Division to which this action has been assigned. Defendants purposefully availed themselves to Texas by signing the contract which is the subject of dispute in Waco, Texas, traveling to Waco for franchisee training, and sending money to Texas to pay license

fees. Defendants also have such other contacts with Texas to render the exercise of jurisdiction over them by a Texas federal court consistent with traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL CLAIMS

7. On August 21, 2015, Defendants became ASV franchisees for a ten-year term. Exhibit A. Defendants signed a noncompetition agreement with ASV, prohibiting them from engaging in a competitive HVAC business during the term of the Franchise Agreement and for the later of two years after termination of the Franchise Agreement or when Defendants actually cease operation of the business. Franchise Agreement §§ 9.3.1 and 9.3.2 & Exhibit 7 to Franchise Agreement. But Defendants are operating a competitive business while continuing to use ASV trademarks after being terminated on November 23, 2016. Further, Defendants owe ASV a considerable sum of money – over $170,000.00 – which, to date, Defendants have failed to pay. This amount does not include the damages ASV has sustained and will continue to sustain as a result of Defendants' infringing conduct described herein.

8. Defendants are operating an HVAC business called "Absolutely Fabulous HVAC." Apparently, this entity was created one month after the Franchise Agreement. Defendants used ASV's confidential business system to benefit themselves by siphoning revenue to this new enterprise. Defendants actually admit to operating their own HVAC business in the same exclusive territory. See Exhibit B for an e-mail received by Defendant Christopher Haywood. Plaintiff's attempts to resolve this matter amicably have been met with scorn and taunting – indeed, Defendant Christopher Haywood finds the entire situation "funny" and "a lot of fun." *Id.* ASV is left with no option but to seek redress from the Court.

9. Plaintiff owns the following trademarks. Defendants are continuing to use them to benefit their own competitive HVAC company. Defendant advertises as an Aire Serv, but the number advertised for Aire Serv is answered by "Mr. Absolutely Fabulous." Defendants have also utilized copyrighted materials in their advertising of the competing business.

| Trademark | Registration Date | Registration Number | Industry Description |
|---|---|---|---|
| Aire Serv | 01/25/1994 | 1818574 | Installation, maintenance and repair of heating and air conditioning equipment. |
| Aire Serv | 04/18/1995 | 1890475 | Residential and commercial oil, electric, gas, coal and propane heaters and air conditioners; replacement parts for the foregoing. |
| Aire Serv | 09/16/2003 | 2763655 | Energy-saving thermostats and the installation, maintenance, and repair of residential and commercial heating and air conditioning equipment; residential and commercial air duct cleaning and repair services; residential and commercial energy loss and air quality building inspection services. |
| AIRESERV HEATING & AIR CONDITIONING | 12/27/2016 | 5111272 | Installation, maintenance, and repair of residential and commercial heating and air conditioning equipment; residential and commercial air duct cleaning and repair services; residential and commercial energy loss and air quality building inspection services. |

10.     Defendants acknowledged that "the System together with information pertaining to the customers of the System are trade secrets of the Franchisor." Franchise Agreement § 9.2. Defendants continue to use the customer data as their own, despite Plaintiff's exclusive ownership of this data. Defendants' misconduct has caused an unfair competitive advantage. Defendant Annaliza Haywood signed a Confidentiality Agreement promising to keep this information confidential and agreeing that she would be bound by the noncompetition provisions set forth in the Franchise Agreement. Exhibit 7 of Franchise Agreement.

11.     Defendant Christopher Aaron Haywood promised to pay ASV ten years' worth of royalties, advertising fees and minimums after he had at least two weeks to read the Franchise Disclosure Document explaining the risks and obligations as a franchisee. He promised to submit

royalty reports, maintain insurance, and provide tax returns for evaluation. Defendants have failed to honor their obligations, causing Plaintiff damages.

## CAUSES OF ACTION
### Count 1—Against All Defendants
### Federal Unfair Competition
### (15 USC § 1125(a))

12. ASV repeats, realleges, and incorporates by reference paragraphs 1-11 as if fully set forth herein.

13. ASV owns all right, title, and interest in the trademarks, including U.S. Trademark Registration Numbers 1818574, 1890475, 2763655, 5111272. These registrations are valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

14. Defendants have deliberately and willfully traded on ASV's longstanding and hard-earned reputation and goodwill, including its trademarks, by passing off their products and services as those of ASV and by diverting customers seeking AIRE SERV® to their competing business.

15. Defendants divert customers who seek the quality and value promised by the AIRE SERV® brand to the competing business, which does not offer quality on par with ASV standards. Defendants thereby pass off their inferior services as affiliated with ASV, unlawfully appropriating the goodwill associated with the AIRE SERV® business, causing likely and actual consumer confusion, and irreparably harming ASV's and its independent franchisees' reputation in the marketplace.

16. Defendants' conduct as described above has also deprived and will continue to deprive ASV of the ability to control the consumer perception of its products and services offered under its trademarks, placing the valuable reputation and goodwill of ASV in the hands of Defendants all to the detriment of ASV and its many independent franchisees.

17. Defendants' conduct is likely to cause and in fact has caused confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with ASV in violation of the Lanham Act.

18.     Defendants had direct and full knowledge of ASV's prior use of and rights in its marks. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

19.     Because of Defendants' conduct, ASV has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by ASV in its trademarks. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which ASV has no adequate remedy at law. ASV will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### Count 2—Against All Defendants
### Unfair Competition

20.     ASV repeats, realleges, and incorporates by reference paragraphs 1-19 as if fully set forth herein.

21.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to Texas law, including through the passing off Defendants products and services as those of ASV and by diverting customers seeking Aire Serv® to their competing business.

22.     Defendants' acts and conduct as alleged has caused ASV commercial damage, as well as the continuing loss of the goodwill and reputation. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which ASV has no adequate remedy at law. ASV will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### Count 3—Against All Defendants
### Infringement of Federally Registered Trademarks
### (15 USC § 1114(1)(a))

23.     Plaintiff realleges each and every allegation contained in paragraphs 1-22 above with the same force and effect as if the allegations were fully set forth herein.

24.     ASV owns all right, title, and interest in the AIRE SERV® trademark, including U.S. Trademark Registration No. 1,818,574 regarding HVAC services. This '574 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

25.     ASV owns all right, title, and interest in the AIRE SERV® (and design) trademark, including U.S. Trademark Registration No. 1,927,783 relating to HVAC services. This '783 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

26.     ASV owns all right, title, and interest in the AIRE SERV® trademark, including U.S. Trademark Registration No. 1,890,475 relating to HVAC services. This '475 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

27.     ASV owns all right, title, and interest in the AIRE SERV® trademark, including U.S. Trademark Registration No. 5,111,272 relating to HVAC services. This '272 registration is valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

28.     Defendants have used ASV's '574, '475, '272, and '783 marks in a manner that is likely to cause, and in fact has caused, confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with ASV and the AIRE SERV® brand.

29.     Defendants had both actual and constructive knowledge of the above-referenced trademarks. Defendants adopted, used, and continue to use in commerce ASV's federally registered trademarks with full knowledge that their use was infringing. Defendants' actions constitute knowing, deliberate, and willful infringement of ASV's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

30.     Because of Defendants' infringement, ASV has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ASV in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable

harm and an injury for which ASV has no adequate remedy at law. ASV will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### Count 4—Against All Defendants
### Breach of Contract

31. ASV repeats, realleges, and incorporates by reference paragraphs 1-30 as if fully set forth herein.

32. Plaintiff entered into a valid and enforceable agreements with Defendants.

33. Defendants have breached their obligations to ASV under the Franchise Agreement, including their obligations to not:

- Use ASV trademarks without the permission of the Franchisor—including no use for the benefit for any business other than the franchise. Franchise Agreement § 6.3.

- Operate, participate of derive any benefit from another HVAC company for two years after termination as a franchisee. Franchise Agreement § 9.3.2.

- Interfere with the business relationships of the Franchisor or franchisee. Franchise Agreement § 9.3.2.3.

- Use confidential information in any manner or disturb vendor relationships. Franchise Agreement § 9.3.2.4.

- Divert customers or business from Franchisor or any ASV franchisee. Franchise Agreement § 9.3.2.5.

- Use the ASV trademarks upon termination of the franchise. Franchise Agreement § 12.1.2.

34. Further, Defendants promised to pay ten years' worth of royalties, advertising fee and minimums to ASV. They promised to make royalty reports and note payments. They promised to submit tax returns and maintain insurance. Defendants have failed to honor these obligations.

35. All conditions precedent to Plaintiff's right to bring this action and recover the requested relief has been performed, have occurred or been waived.

36. As a direct and proximate result of the Defendants breaches, Plaintiff has suffered and will continue to suffer, irreparable harm and damages.

## Count 5—Request for Injunctive Relief

37. ASV repeats, realleges, and incorporates by reference paragraphs 1-36 as if fully set forth herein.

38. ASV seeks a preliminary injunction. Plaintiff will likely suffer irreparable injury if Defendants are not enjoined while this suit is pending. There is no adequate remedy at law. As set forth above, given Defendants' conduct and blatant violations of the Franchise Agreement and the noncompetition agreement therein, there is a substantial likelihood that ASV will prevail on the merits. The harm faced by ASV outweighs any harm that would be sustained by Defendants if the preliminary injunction were granted. Issuance of a preliminary injunction would not adversely affect the public interest. ASV is willing to post a bond in the amount the Court deems appropriate.

39. Plaintiff seeks a permanent injunction. ASV asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## PRAYER FOR RELIEF

FOR THESE REASONS, ASV prays for an Order and Judgment as follows:

1. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

    (a) Using in any manner any ASV trademark, or any name, mark or domain name that wholly incorporates the trademarks described herein, or is confusingly similar to or a colorable imitation of these marks;

    (b) Using or displaying the name or mark Aire Serv on any websites, products, or promotional materials in any false and deceptive manner; and

  (c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of ASV products or services.

  (d) Engaging in any further acts of infringement, or any other unlawful conduct, as alleged herein.

2. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from engaging in, participating in, or deriving any benefit from any business that competes with the Aire Serv franchise business, and from diverting or soliciting any customer, account, or business from the Aire Serv franchise business to any competing business

3. Directing Defendants to provide an accounting of profits made by Defendants because of Defendants' unlawful conduct;

4. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon it within 30 days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services under ASV's name and marks as set forth above;

5. Ordering Defendants to pay a judgment in the amount of ASV's actual damages under 15 U.S.C. § 1117 and state law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

6. Ordering Defendants to pay ASV's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or state law;

7. Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

8. Granting ASV such other and further relief as the Court deems just and proper.

Respectfully submitted,

DUNNAM & DUNNAM LLP

/s/ Jim Dunnam
JIM DUNNAM
State Bar No. 06258010
ANDREA MEHTA
State Bar No. 24078992
4125 West Waco Drive
Waco, Texas 76714-8418
Telephone (254) 753-6437
Facsimile (254) 753-7434
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com

**ATTORNEYS FOR PLAINTIFF**